**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**

**MARSHALL DIVISION**

| | | |
|---|---|---|
| CLEAN ALERT INNOVATIONS, LLC, | ) | Case No. 2:26-cv-797 |
| Plaintiff, | ) | PATENT CASE |
| v. | ) | JURY TRIAL DEMANDED |
| SENSIRION HOLDING AG, | ) | |
| Defendant. | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Clean Alert Innovations, LLC ("Plaintiff"), through its attorneys, complains of Sensirion Holding AG ("Defendant"), and alleges the following:

**PARTIES**

1. Plaintiff Clean Alert Innovations, LLC is a limited liability company organized and existing under the laws of Delaware that maintains its principal place of business at 717 N Union St, Wilmington, DE 19805.

2. Defendant Sensirion Holding AG is a corporation organized and existing under the laws of Switzerland that maintains an established place of business at Laubisrütistrasse 50, 8712 Stäfa, Switzerland.

3. On information and belief, Sensirion AG is a corporation organized under the laws of Switzerland with its principal place of business at Laubisrütistrasse 50, 8712 Stäfa, Switzerland, and develops, manufactures and exports the accused products. On information

and belief, Sensirion Inc. is the United States subsidiary of Defendant, with a place of business in Chicago, Illinois, and imports, offers for sale and sells the accused products in the United States, including in this District.

## JURISDICTION

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

5. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant because it has purposefully directed its activities at residents of this District and this State. On information and belief, Defendant, directly and through its subsidiaries, distributors and authorized resellers, has placed the accused products into the stream of commerce with the expectation and intent that they would be purchased by, incorporated into equipment sold to, and used by customers in this District, and has provided technical documentation, application notes and design support directed to such customers. The claims asserted here arise out of and relate to those contacts. In the alternative, this Court has personal jurisdiction over Defendant under Federal Rule of Civil Procedure 4(k)(2) because the claims arise under federal law, Defendant is not subject to jurisdiction in the courts of general jurisdiction of any single State, and the exercise of jurisdiction is consistent with the United States Constitution and laws.

## VENUE

7. Venue is proper in this District under 28 U.S.C. § 1391(c)(3) because Defendant is a foreign corporation. In addition, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

## PATENT-IN-SUIT

8. Plaintiff is the assignee of all right, title and interest in United States Patent No. 7,178,410 (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

## THE '410 PATENT

9. The '410 Patent is entitled "Clogging detector for air filter," and issued 2007-02-20. The application leading to the '410 Patent was filed on 2005-03-21. A true and correct copy of the '410 Patent is attached hereto as Exhibit 1 and incorporated herein by reference. The '410 Patent expired on May 13, 2025, twenty years from its filing date plus fifty-three days of patent term adjustment. This action therefore seeks damages for past infringement only.

## COUNT 1: INFRINGEMENT OF THE '410 PATENT

10. Plaintiff incorporates the above paragraphs herein by reference.

11. Direct Infringement. Defendant directly infringed one or more claims of the '410 Patent in at least this District by performing, and by using, without limitation, the Sensirion SDP800

series differential pressure sensors and at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringed method claim 12 of the '410 Patent also identified in the charts incorporated into this Count below (the Asserted Claim) literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringed the claims of the '410 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

12. Defendant also directly infringed, literally or under the doctrine of equivalents, the Asserted Claim, by having its employees in the United States test and use these Exemplary Products.

13. Exhibit 2 includes charts comparing the Asserted Claim to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '410 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Asserted Claim.

14. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

15. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

16. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the ’410 Patent is valid and enforceable;

B. A judgment that Defendant has infringed directly one or more claims of the ’410 Patent;

C. An accounting of all damages not presented at trial;

D. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement at least with respect to the ’410 Patent;

E. A judgment awarding Plaintiff pre-judgment and post-judgment interest on the damages awarded, as provided by 35 U.S.C. § 284 and 28 U.S.C. § 1961;

F. A judgment that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys fees against Defendant that it incurs in prosecuting this action;

G. A judgment that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

H. That Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: September 8, 2026

Respectfully submitted,

/s/ Isaac Rabicoff
Isaac Rabicoff

Rabicoff Law LLC
4311 N Ravenswood Ave Suite 315
Chicago, IL 60613
7736694590
isaac@rabilaw.com

Counsel for Plaintiff
Clean Alert Innovations, LLC